UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN A. ZWEIGART, II,

    Petitioner,

        v.                          Civil No. 14-cv-944-JPG

UNITED STATES OF AMERICA,         Criminal No. 12-cr-40103-JPG-001

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Steven A. Zweigart, II's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to Zweigart's motion (Doc. 6), and Zweigart has replied to that response (Doc. 7).

**I.    Background**

In March 2013, the petitioner pled guilty to one count of conspiracy to manufacture a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of the plea agreement, the petitioner conceded he was a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(a) in exchange for the Government's agreement not to file an information under 21 U.S.C. § 851 because of a prior felony drug conviction. The information would have increased the petitioner's sentencing range from no more than 20 years to no more than 30 years. *See* 21 U.S.C. § 841(b)(1)(C).

At the petitioner's sentencing in August 2013, the Court adopted the finding in the Presentence Investigation Report ("PSR") that Zweigart's relevant conduct was 736.2 kilograms of marihuana equivalent, which established a base offense level of 30 under U.S.S.G. § 2D1.1(c). However, as contemplated in the plea agreement, the Court found that the petitioner was a career offender under U.S.S.G. § 4B1.1 based on two prior felony convictions for a crime of violence or controlled substance:

a prior convictions under Illinois law for unlawful possession of methamphetamine manufacturing chemicals and a prior convictions under Illinois law for domestic battery.  The career offender base offense level, based on the statutory maximum of 20 years, was 32.  Because the career offender guideline yielded a higher total offense level than the relevant conduct guideline, the Court used the career offender offense level to calculate the petitioner's sentencing range.  See U.S.S.G. § 4B1.1(b).  The Court then reduced the petitioner's offense level by 3 points under U.S.S.G. § 3E1.1(a) and (b) because Zweigart accepted responsibility for his crime.  Considering the petitioner's total offense level of 29 and his criminal history category of VI, established by his career offender status, see U.S.S.G. § 4B1.1(b), the Court found the petitioner's guideline sentencing range to be 151 to 188 months.  The Court sentenced the petitioner to serve a total of 163 months in prison.  The petitioner did not appeal his sentence.

In his timely § 2255 motion, the petitioner argues that, in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when he advised him to concede in his plea agreement that he was a career offender and when he failed to object to application of the career offender guideline at sentencing.  He also challenges the sufficiency of the factual basis for his career offender status.  Underlying these arguments is his belief that his prior conviction for domestic battery does not qualify as a "crime of violence" for career offender purposes.  He asks that his sentence be vacated and reimposed without the career offender enhancement.  In his reply brief, Zweigart makes clear he does not want to withdraw his plea on the basis that it was involuntary.  Pet.'s Reply at 6 ("Mr. Zweigart does not seek to invalidate his plea. . . .").

In response, the Government argues that Zweigart was properly classified as a career offender because his prior conviction for domestic battery was a "violent felony" under U.S.S.G § 4B1.2(a)(1).

2

Therefore, his counsel was not deficient for failing to object to the career offender recommendation in the PSR, and Zweigart was not prejudiced from this failure. The Government further notes that Zweigart's counsel secured a benefit for him by arranging a deal where Zweigart would agree to the career offender status in exchange for the Government's promise not to file a § 851 enhancement. Finally, the Government argues that an erroneous career offender designation is not cognizable in a § 2255 proceeding.

**II.      § 2255 Standards**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)), *cert. denied*, No. 14-8459, 2015 U.S. Lexis 2050 (Mar. 23, 2015). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No hearing is necessary in this case because the record clearly demonstrates Zweigart is entitled to no relief.

**III.     Analysis**

   A.     <u>Ability to Raise the Issue in a § 2255 Proceeding</u>

As a preliminary matter, the Court addresses the Government's contention that Zweigart's classification as a career offender is not cognizable in a § 2255 motion. This is not completely true. It is true that *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014), *cert. denied*, No. 14-8459, 2015 U.S. Lexis 2050 (Mar. 23, 2015), and *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir.),

*supp'd by* 724 F.3d 915 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014), hold that, if a defendant's sentence is within the statutory range, an erroneous career offender finding is not cognizable in a § 2255 proceeding. This is because, in light of the Court's discretion to give an appropriate sentence regardless of the advisory guideline range, an erroneous career offender finding does not work a miscarriage of justice for § 2255 purposes. Thus, Zweigart's direct challenge to his career offender status and the calculation of his guideline range based on that status is not cognizable here.

However, in addition to a direct challenge to his career offender status, Zweigart has invoked the Sixth Amendment right to counsel to bring the issue properly before the Court. *See United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) ("In the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance entitling the defendant to relief."). In the Sixth Amendment context, the Court can properly consider whether Zweigart's counsel was deficient in his assessment of the career offender guideline application in August 2013. The Court now turns to that inquiry.

B. "Crime of Violence"

Zweigart faults his counsel for advising him to concede he is a career offender and for failing to argue to the Court at sentencing that one of the prior convictions listed in the PSR was not a "crime of violence" such that it could be used to support career offender status under U.S.S.G. § 4B1.1(a) (2012). He believes his prior Illinois conviction for domestic battery was not a crime of violence based simply on the elements of the offense. The Government disagrees, pointing to the state court charging document, the Information, charging Zweigart in Count I with:

> **DOMESTIC BATTERY (ENHANCED)**
> In that said defendant knowingly caused bodily harm to Rikki Warthen, a family or
> household member of the defendant, in that said defendant struck Rikki Warthen, in the

4

head with his fist, and the defendant has been previously convicted of Domestic Battery in Perry County Case Number 2010-CM-245,

Class 4 Felony
In violation of 720 ILCS 5/12-3.2(a)(l)

(Doc. 6-1 at 1) and the state court document reflecting his Plea of Guilty to "DOMESTIC BATTERY – ENHANCED (Class 4 felony) [Count I]" (brackets in original) (Doc. 6-1 at 5). The Government argues that domestic battery caused by striking someone in the head is clearly a crime of violence because it involved the use of physical force. It believes Zweigart's counsel was not deficient for failing to make a meritless argument otherwise and that Zweigart suffered no prejudice from counsel's performance.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's

5

performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694). The Court now turns to whether Zweigart has satisfied the *Strickland* standard.

Zweigart has not shown his counsel's performance was deficient for failing to argue his domestic battery did not count toward career offender status or that he suffered any prejudice as a result. At the time the Court determined Zweigart to be a career offender in August 2013, U.S.S.G. § 4B1.1(a) (2012) stated:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) *the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense*.

(emphasis added). The guidelines further defined a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise

6

involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a) (2012). There is no dispute that Zweigart satisfies the first two requirements to be a career offender and that he has one prior felony for a controlled substance offense. Zweigart takes issue with his counsel's failure to object to the classification of his other prior conviction as a crime of violence and to the Court's reliance on the PSR and his plea concession rather than on the judicial documents in the prior felony case.

The Supreme Court outlined an approach to deciding whether a prior conviction is a crime of violence in *Descamps v. United States*, 133 S. Ct. 2276 (2013), although it had established this approach in prior cases. *See Johnson v. United States*, 559 U.S. 133 (2010); *Nijhawan v. Holder*, 557 U.S. 29 (2009); *Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990). *Descamps* noted that where the criminal statute of conviction is divisible, that is, where there are alternative paths with different elements to reach a conviction, the Court may use the "modified categorical approach" to determine whether the offense qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] *Descamps*, 133 S. Ct. 2281. Under the modified categorical approach, the Court may consult the charging documents and other judicial documents in the underlying case to see which of the alternative ways of reaching a conviction was used and whether that way satisfies the definition of a violent felony set forth in § 924(e)(2)(B)(ii). *Id.* On the other hand, the Court must use the "categorical approach" where the criminal statute is not divisible, that is, where it contains a single set of elements without alternative ways to reach a conviction. *Id.* at 2282. Under the "categorical approach," the Court may

---

[1] At the time the Court found Zweigart to be a career offender in August 2013, courts generally interpreted "violent felony" under the ACCA and "crime of violence" in the same way. *See United States v. Woods*, 576 F.3d 400, 403-04 (7th Cir. 2009); *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). *But see United States v. Raupp*, 677 F.3d 756, 758-61 (7th Cir. 2012).

only consider the single set of elements of the statute of conviction to see if the conviction qualifies as a violent felony. In neither case can the Court consider the facts of the underlying case. *Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011).

At the time of Zweigart's conviction, the Illinois domestic battery statute stated:

(a) A person commits domestic battery if he intentionally or knowingly without legal justification by any means:

> (1) Causes bodily harm to any family or household member as defined in subsection (3) of Section 112A-3 of the Code of Criminal Procedure of 1963, as amended;
>
> (2) Makes physical contact of an insulting or provoking nature with any family or household member as defined in subsection (3) of Section 112A-3 of the Code of Criminal Procedure of 1963, as amended.

720 ILCS 5/12-3.2(a) (2010). Subsection (3) of Section 112A-3 of the Code of Criminal Procedure of 1963, in turn, defined "family or household member."

Because the domestic battery statute contained two paths to conviction – causing bodily harm under subsection (1) or making physical contact of an insulting or provoking nature under subsection (2) – it is divisible under the rule applied in *Descamps*.[2] Thus, the Court may use the modified categorical approach to decide which path Zweigart's conviction took, that is, it may consult the charging document and other judicial documents in the underlying case to see if he was convicted of causing bodily harm or making physical contact. The Information charging Zweigart alleged he "knowingly caused bodily harm to Rikki Warthen" and cited 720 ILCS 5/12-3.2(a)(1), and his Plea of Guilty reflects a guilty plea to that count, so it is clear Zweigart's conviction was under subsection (1). Contrary to the Government's position, the Court cannot consult further details of the crime – that Zweigart struck Warthen in the head with his fist – to find that Zweigart committed a crime of violence. It may only consult the underlying

---

[2] Although the word "or" is not used to separate subsections (1) and (2), Illinois courts construe the statute to be distinct and alternative routes to a conviction.

8

documents to determine which of multiple sets of domestic battery elements was used to convict Zweigart, and then it must compare those elements with the offenses described in U.S.S.G. § 4B1.2(a) to see if the crime qualifies as a "crime of violence."

The Government argues Zweigart's domestic battery conviction qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) because it involved the use of physical force – striking a person in the head.   However, the Court cannot consider such details of the underlying criminal conviction; it can only consider the elements of the prior crime.   Nevertheless, even disregarding details of the offense, a conviction for battery that requires that the person "cause[] bodily harm" has as an element "the use, attempted use, or threatened use of physical force" and therefore is a "violent felony" under the ACCA.  *Hill v. Werlinger*, 695 F.3d 644, 649-50 (7th Cir. 2012) (considering the similarly structured Illinois battery statute, 720 ILCS 5/12-3); *see De Leon Castellanos v. Holder*, 652 F.3d 762, 764-67 (7th Cir. 2011) (Illinois domestic violence conviction under "causes bodily harm" prong is "crime of violence" under 18 U.S.C. § 16(a)(1), which is nearly identical to U.S.S.G. § 4B1.2(a)(1)).   The Court sees no reason to find otherwise with respect to U.S.S.G. § 4B1.2(a)(1).

Additionally, the Illinois crime of domestic violence because of bodily harm also qualifies under the residual clause of U.S.S.G. § 4B1.2(a)(2), that is, it "involves conduct that presents a serious potential risk of physical injury to another."   It requires knowing or intentional conduct that is at least as dangerous as some of the crimes enumerated before the residual clause, the test applied by the Supreme Court in *Sykes v. United States*, 131 S. Ct. 2267, 2273-74 (2011).   *United States v. Johnson*, 743 F.3d 1110, 1112 (7th Cir. 2014) (considering a similar Indiana battery statute and the ACCA residual clause).   It is as dangerous because, by definition, it causes bodily harm, an element of the offense.   *Id.* at 1112-13.   Thus, even without considering the underlying facts of Zweigart's crime, his domestic battery conviction falls squarely within U.S.S.G. § 4B1.2(a)(2)'s residual clause and was therefore properly

9

considered to support career offender status.

Zweigart points to *Johnson v. United States*, 559 U.S. 133 (2010) (involving the ACCA), to argue otherwise. That case, involving a different Johnson than the Seventh Circuit case discussed above, is clearly distinguishable. Unlike this case, it involves a prior conviction for simple battery, which was defined to include "actually and intentionally touching" another person against his or her will and did not necessarily require physical harm. *Id.* at 136. Furthermore, the Supreme Court did not consider whether the battery "involve[d] conduct that presents a serious potential risk of physical injury to another," one of the independent bases for the Court's ruling today. That question was not at issue in *Johnson*. *Id.* at 142, 145 ("The Government has not argued that intentional, unwanted touching" presents a "serious potential risk of physical injury to another"; "[T]he Government . . . disclaimed . . . any reliance upon the residual clause."). Thus, the Supreme Court's *Johnson* case does not govern this case.

Because Zweigart's prior conviction supported career offender status, his counsel was not deficient for failing to argue otherwise and for recommending Zweigart concede the issue to avoid a § 851 enhancement. Additionally, Zweigart did not suffer any prejudice from his counsel's performance. Counsel performed competently when he secured a promise from the Government not to file an § 851 enhancement in exchange for Zweigart's agreement to career offender status, a legal proposition he was destined to lose anyway. Had the Government filed an enhancement and had the Court found Zweigart to be a career offender anyway, Zweigart's statutory maximum would have increased from 20 to 30 years, *see* 21 U.S.C. §841(b)(1)(C), and his base offense level would have increased from 32 to 34, *see* U.S.S.G. § 4B1.1(b), and yielded a higher sentencing range.

C.      Need for Court Documents

To the extent Zweigart faults his counsel for failing to investigate and demand the Court consult

the original documents relating to his domestic battery conviction instead of the PSR's summary and his concessions in his guilty plea, that claim has no merit. If counsel had made such a request and if the Court had consulted the original court documents, it would have come to the same conclusion for the reasons discussed above. Thus, Zweigart suffered no prejudice from his counsel's failure to demand the court documents relating to Zweigart's prior domestic battery conviction.

### D. Type of Qualifying Offenses

Finally, Zweigart argues that his counsel failed to object to the use of one prior felony drug conviction and one prior violent felony conviction to support career offender status. He believes U.S.S.G. § 4B1.1(a) requires two of the same kind of offense. This argument ignores the plain language of U.S.S.G. § 4B1.1, which provides that the defendant is eligible for career offender status if he is convicted of a drug or violent crime, is at least eighteen at the time of his crime, and "has at least two prior felony convictions of *either* a crime of violence *or* a controlled substance offense." U.S.S.G. § 4B1.1(a)(3) (2012) (emphasis added). "Either" means one or the other. Counsel is not deficient for failing to make a meritless argument. *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists

could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Zweigart has not made such a showing and, accordingly, declines to issue a certificate of appealability.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Zweigart's § 2255 motion (Doc. 1), **DIRECTS** the Clerk of Court to enter judgment accordingly and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: March 31, 2015**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**