UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN A. ZWEIGART, II,

    Petitioner,

        v.                                  Civil No. 14-cv-944-JPG

UNITED STATES OF AMERICA,        Criminal No. 12-cr-40103-JPG-001

    Respondent.

## MEMORANDUM AND ORDER

      This matter comes before the Court on petitioner Steven A. Zweigart, II's motion for reconsideration (Doc. 10) of the Court's order and judgment (Docs. 8 & 9) denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court considers his motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[1] Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

      Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or

---

[1] Because Zweigart filed his motion before the time to appeal had run and advanced no new arguments in it, it is not considered to be a successive petition, and the Court has jurisdiction to consider it. *See Thomas v. United States*, 328 F.3d 305, 307 (7th Cir. 2003); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). "A timely request for reconsideration is a motion in the original case, not a disguised effort to start a new case." *Thomas*, 328 F.3d at 307. The Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), did not alter this rule. *Gonzalez* spoke of Rule 60(b) motions that challenged a *final* judgment, but judgments that are still appealable have not yet become final and do not yet "count" as a first proceeding for the § 2255 count. *Johnson*, 196 F.3d at 805.

intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In Zweigart's motion for reconsideration, he claims the Court misunderstood his argument, which was that "[t]he sentencing court erred legally by relying solely on the PSR and plea agreement to make a factual determination that Mr. Zweigart's Illinois Domestic Battery conviction was a qualifying predicate offense" for career offender purposes.  Pet.'s Mot. at 3.  Contrary to Zweigart's assertion, the Court fully understood his argument and concluded, after consulting the original documents regarding Zweigart's conviction, that he did not suffer prejudice from any counsel error.  That is, even if counsel had demanded the original documents regarding his domestic battery conviction early in the case and presented them to the Court at sentencing, the result would have been the same.

Because Zweigart has not said anything justifying altering or amending the judgment under Rule 59(e) or the Court's decision not to issue a certificate of appealability, the Court **DENIES** his motion (Doc. 10).

**IT IS SO ORDERED.**
**DATED: April 28, 2015**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**